UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MICHAEL LEE GORDON | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 7:08-62-KKC |
| | ) | |
| V | ) | |
| | ) | |
| HECTOR RIOS, WARDEN | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Michael Lee Gordon ("Gordon"), who is presently confined at the United States Penitentiary - Big Sandy in Inez, Kentucky ("USP - Big Sandy"), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [Record No. 2]. The Court has granted his motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Gordon is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.      BACKGROUND

On March 5, 1999, following a protracted jury trial Gordon was convicted of a variety of drug and weapons charges, and on May 20, 1999, was sentenced to a combined term of incarceration of 1,651 months (137.8 years) to be followed by a three-year term of supervised release.  The Sixth Circuit affirmed Gordon's conviction on direct appeal, and numerous collateral attacks were rejected by the trial and appellate court.  *United States v. Gordon*, 97-CR-167, Southern District of Ohio [Record 171, 172, 189, 202, 267, 279, 293, 301, 344].  Gordon's current projected release date is October 5, 2119.

On March 18, 2008, Gordon filed his petition for habeas corpus in this Court.  In his petition, Gordon requested that his disciplinary record be expunged, and any Good Conduct Time ("GCT") be restored, because every disciplinary hearing used to impose sanctions against him failed to comply with procedural due process.  Tracking the language of *Wolff v. McDonell*, 418 U.S. 539 (1974), in his petition Gordon alleged that at each hearing he was denied adequate prior notice of the charges against him, the right to present witnesses and documentary evidence in his defense, the assistance of staff counsel or legal representation, and the right to appeal the decision.  Gordon further alleged he attempted to exhaust administrative remedies with respect to the issues raised in his petition by pursuing the Bureau of Prisons' ("BOP") Administrative Remedy Program, but in all instances his grievances were denied, refused, or ignored.

Attached to Gordon's petition is a BOP printout entitled "Inmate Disciplinary Data."  The 14-page printout lists each disciplinary sanction imposed against Gordon, beginning on September 10, 1999 and continuing into 2008.  The report details everything from minor incidents, including unauthorized use of the mail or telephone, to more severe offenses including assault on a staff member and possession of two manufactured 9-inch knives, with punishments ranging from the

2

temporary loss of commissary privileges to extended placement in disciplinary segregation and loss of GCT. All told, the report lists 47 separate incidents of misconduct over the eight and a half years it covers. 30 of the 47 sanctions imposed involved the loss of GCT; the other 17 sanctions involved only the temporary loss of commissary or telephone privileges or temporary placement in the SHU.[1]

In light of the broad and non-specific nature of the allegations in Gordon's petition, on April 8, 2008, the Court entered an Order directing Gordon to provide specific, detailed information regarding the manner in which each disciplinary hearing failed to provide adequate due process and the efforts he undertook to exhaust his administrative remedies. The Order further directed Gordon to file into the record copies of any documents which related to the disciplinary proceedings, including a DHO report and administrative grievances he filed regarding the outcome. [Record No. 5] In response, Gordon filed a nine page handwritten affidavit. Gordon's affidavit consists of a single sentence written for each of the disciplinary sanctions imposed, and asserts a variety of generic objections, including that he was not provided a grievance form in a timely fashion in order to permit an appeal, or that he filed an appeal but he received no response from the BOP. The affidavit is

---

[1] The following Incident Reports resulted in the loss of GCT: 758288 (March 6, 2000 - 27 days GCT lost for fighting); 770781 (June 14, 2000 - 27 days GCT lost for drinking alcohol); 794926 (August 17, 2000 - 27 days GCT lost for possessing alcohol); 802223 (August 17, 2000 - 27 days GCT lost for breaking a cell window); 833562 (November 30, 2000 - 10 days GCT lost for refusing to appear at DHO hearing); 926437 (October 17, 2001 - 27 days GCT lost for assault); 1116468 (July 8, 2003 - 27 days GCT lost for possessing intoxicants); 1136836 (September 15, 2003 - 27 days GCT lost for assault); 1143065 (September 29, 2003 - 13 days GCT lost for refusing to obey an order); 1180619 (February 2, 2004 - 40 days GCT lost for possessing a manufactured knife); 1207715 (May 17, 2004 - 27 days GCT lost for fighting with cellmate); 1240884 (July 13, 2004 - 27 days GCT lost for fighting with cellmate); 1249686 (August 31, 2004 - 27 days GCT lost for attempting to bite a staff member); 1249682 (August 31, 2004 - 27 days GCT lost for attempting to kick a staff member in the leg); 1249687 (August 31, 2004 - 27 days GCT lost for threatening to kill staff); 1255123 (September 14, 2004 - 40 days GCT lost for possession of two manufactured knives); 1281537 (November 30, 2004 - 13 days GCT lost for possessing tobacco); 1286484 (December 6, 2004 - 27 days GCT lost for possessing intoxicants); 1308062 (February 22, 2005 - 27 days GCT lost for threatening staff); 1388617 (October 17, 2005 - 13 days GCT lost for refusing an order); 1384518 (November 9, 2005 - 13 days GCT lost for flooding the SHU range); 1384510 (November 15, 2005 - 27 days GCT lost for throwing toilet water at staff); 1384514 (November 15, 2005 - 27 days GCT lost for throwing toilet water at staff); 1538440 (November 29, 2006 - 40 days GCT lost for possessing a dangerous weapon); 1540634 (December 12, 2006 - 27 days GCT lost for assault on staff); 1567856 (March 15, 2007 - 32 days GCT lost for possessing a dangerous weapon); 1567857 (March 15, 2007 - 40 days GCT lost for possessing a dangerous weapon); 1575991 (March 15, 2007 - 27 days GCT lost for possessing intoxicants); 1629625 (September 12, 2007 - 27 days GCT lost for assault on staff); 1695919 (February 11, 2008 - 27 days GCT lost for threatening staff).

devoid of any factual detail regarding dates or persons involved, and relates only to the grievance process, omitting any explanation of what due process protections were not provided at a given DHO hearing. The response fails to include any documentation regarding the DHO decisions or any of his efforts to exhaust his administrative remedies.

**II.     DISCUSSION**

With respect to the 17 DHO sanctions which did not result in the loss of GCT but only in the suspension of other privileges or time in the SHU, any failure to provide the due process protections described in *Wolff* does not afford any basis for relief. An inmate lacks any liberty interest in those privileges protected by the Due Process Clause because they do not impose "atypical and significant hardships" beyond those normally incident to prison life. *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Blevins v. Lamanna*, 23 Fed.Appx. 216, 217 (6th Cir. 2001). Accordingly, Gordon's petition for habeas corpus relief with respect to these proceedings lacks merits and must be denied.

With respect to the remaining 30 DHO sanctions which did impose the forfeiture of GCT as a sanction, that penalty will inevitably affect the duration of Gordon's sentence, and he is therefore entitled to the protections of procedural due process before he may be deprived of those sentence credits. *Sandin*, 515 U.S. at 482-84. Nonetheless, Gordon's petition must be denied for other reasons.

Before a prisoner may seek the intervention of the courts by seeking habeas relief he must exhaust available administrative remedies by invoking and exhausting the BOP's inmate grievance process. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004); *Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001). Gordon asks, in effect, to be excused from this requirement when he indicates that his efforts to do so were frustrated by actions of the BOP in

4

failing to provide him with the necessary forms in a timely manner or simply refusing to respond to his grievance forms.

Gordon's response in uncompelling. A review of the PACER database maintained by the federal courts indicates that Gordon has been a litigant in 87 cases in the federal courts, primarily in Ohio and Pennsylvania. In one such case, the court noted that Gordon was subject to the "three-strike" bar of 28 U.S.C. § 1915(g). *Gordon v. Scott*, 07-CV-285, Middle District of Florida [October 7, 2007 Order denying motion to proceed *in forma pauperis*]. In a separate *Bivens* action filed by Gordon against officers involved in some of the incidents described in the DHO proceedings, the Defendants noted that Gordon had filed 408 administrative grievances with the BOP since the commencement of his incarceration, 371 of them during his three-year incarceration at USP-Allenwood in Pennsylvania. The grievances filed by Gordon in that case were rejected as untimely-filed, six months after the incident complained of. *Gordon v. Womeldorf*, 05-CV-2669, Middle District of Pennsylvania. [Record No. 39 therein] The evidence in that case, of which the Court takes judicial notice, indicates that Gordon's broad assertions in this case regarding exhaustion of administrative remedies may not accurately reflect his efforts.

The Court need not determine at this juncture whether Gordon has a legally-sufficient justification for his failure to exhaust his administrative remedies with respect to some or all of the 30 disciplinary decisions challenged by Gordon in his petition. Instead, the Court concludes that consideration of the constitutional validity of each of those 30 decisions in a single, combined habeas proceeding is unworkable and unnecessary. The events involved in the conduct of each hearing are distinct from each other hearing, as are the facts and circumstances regarding Gordon's efforts to challenge the outcome through the BOP's grievance process. The peculiarities of each proceeding are not made any more clear where Gordon has failed to accept the Court's invitation to provide even

5

modestly-detailed allegations regarding each hearing or provide any documentation relevant to the merits of his claims. While Federal Rule of Civil Procedure 18 embodies a liberal policy regarding joinder of claims against a party, that rule does not obviate the need for the petitioner to set forth the factual basis for the claims of relief in his petition embodied in Rule 8 of the civil rules. Accordingly, the Court determines that the best approach is to deny the present petition without prejudice to Gordon's right to file one or more subsequent habeas petitions challenging one disciplinary proceeding in each petition.[2] Each petition must including an explanation of the specific facts which support the claim and provide documentation related to both the claim itself and the exhaustion process, e.g., the DHO report, grievance forms, and the BOP's responses thereto.

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Gordon's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 30th day of April, 2008.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**

---

[2] The Court notes that Gordon has been granted pauper status in this habeas proceeding, and hence he did not incur even the $5 filing fee for a habeas petition. Accordingly, neither the denial of this petition nor the requirement that he raise his challenges in separate petitions will impose any financial hardship upon the petitioner.